IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DONALD ELAM II,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-216**   (Fam. Ct. Boone Cnty. Case No. FC-03-2022-D-52)

**PATTI ELAM,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald Elam II, ("Husband") appeals the April 25, 2024, Final Order with Regard to Alimony entered by the Family Court of Boone County. In that order, the family court awarded Respondent Patti Elam ("Wife") $600.00 per month in permanent spousal support. Wife filed a response in support of the family court's order.[1] Husband did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on February 8, 1992. They share three children together, though all of the children are emancipated. During the marriage, Wife was a stay-at-home mother while Husband was in the military. Wife filed a Petition for Divorce on May 10, 2022. The parties were divorced by Bifurcated Order of Divorce entered on October 2, 2022. At that time, the family court held the issues of equitable distribution and spousal support in abeyance. On February 28, 2024, the family court entered an order regarding equitable distribution.

On April 15, 2024, a hearing was held regarding spousal support. Both parties appeared with counsel. Extensive time was devoted during the hearing to reviewing the evidence regarding Husband's income and arguing over the same. Following the hearing, on April 25, 2024, the family court entered the Final Order with Regard to Alimony. In that order, the family court outlined the statutory factors contained in West Virginia Code

---

[1] Husband is represented by Alan L. Pritt, Esq. Wife is represented by Peter A. Hendricks, Esq.

§ 48-6-301(b) (2018)[2] and then reviewed and analyzed the evidence relative to the statutory factors. The family court noted that the parties were married for twenty-eight

---

[2] West Virginia Code § 48-6-301(b) (2018) lists the following factors for consideration when determining whether a party is entitled to spousal support:

(1) The length of time the parties were married;

(2) The period of time during the marriage when the parties actually lived together as husband and wife;

(3) The present employment income and other recurring earnings of each party from any source;

(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market, and custodial responsibilities for children;

(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of § 48-7-6 *et seq.* of this code, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support and separate maintenance: *Provided,* That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;

(6) The ages and the physical, mental, and emotional condition of each party;

(7) The educational qualifications of each party;

(8) Whether either party has foregone or postponed economic, education, or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support and separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career, or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in § 48-6-301(b)(10) of this code;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

years and seven months; Wife is employed by Charleston Area Medical Center at $18.00 per hour at thirty-six hours per week; Husband is employed by Kanawha County Emergency Ambulance at $16.64 per hour at forty hours per week as well as approximately sixteen hours per week of overtime; both parties have a high school education; there was no reasonable likelihood that either party would increase their earning capacity; Wife does not enjoy the same standard of living established during the marriage as her home was in disrepair because she could not afford repair; Husband does enjoy the same standard of living established during the marriage; Wife forwent economic, employment, or educational opportunities during the course of the marriage; Wife's adjusted monthly living expenses are $2,966.00 and Husband's adjusted monthly living expenses are $2,436.00; Husband has $788.00 in excess income; and Wife has a deficit of $604.00 per month. Therefore, the family court concluded, Wife should be awarded permanent spousal support in the amount of $600.00 per month. It is from this order that Husband appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2*, Christopher P. v. Amanda C*., 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband raises two assignments of error. He first asserts that the family court erred when it awarded Wife permanent spousal support in the amount of

---

(16) The extent to which it would be inappropriate for a party, because that party will be the custodian of a minor child or children, to seek employment outside the home;

(17) The financial need of each party;

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Any other factors as the court determines necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support and separate maintenance.

$600.00 per month. We disagree. Our Supreme Court of Appeals has recognized "that as long as the family court fully considers the mandatory statutory factors, and its award of spousal support is within the parameters of reasonableness, this Court should not disturb the award on appeal." *Mulugeta v. Misailidis*, 239 W. Va. 404, 410, 801 S.E.2d 282, 288 (2017). Here, Husband is simply asking this Court to reweigh the evidence and rule in his favor. We decline to do so. Upon review of the comprehensive order and the record below, we find that the family court allowed the parties to thoroughly present and argue their postions, fairly analyzed all the evidence before it, and reached a reasonable conclusion as expressed in its final order. Husband failed to demonstrate that the findings of the family court were clearly erroneous or that the family court abused its discretion by awarding Wife permanent spousal support.

Next, Husband asserts that the family court erred in calculating his income for the purpose of determining spousal support by including the overtime he receives each week. Again, we disagree. The Supreme Court of Appeals of West Virginia specifically recognized that overtime pay regularly received may be considered in determining "employment income and other recurring earnings of each party from any source" pursuant to West Virginia Code § 48-6-301(b)(3). *See* Syl. Pt. 1, *Rexroad v. Rexroad,* 186 W. Va. 696, 414 S.E.2d 457 (1992) ("In determining the amount of alimony or child support that may be obtained, consideration may be given not only to regular wages earned, but also to the amount of overtime pay ordinarily obtained.") Here, the record before the family court, which included the paystubs provided by Husband, indicates that Husband regularly earns overtime pay. Husband points to nothing in the record that demonstrates that such a finding by the family court was clearly wrong or that the family court abused its discretion in applying the law to the facts of this matter. Accordingly, the family court did not err by including the regularly received overtime in Husband's income for the purpose of calculating spousal support.

Therefore, based on the foregoing, the April 25, 2024, Final Order with Regard to Alimony entered by the Family Court of Boone County is affirmed.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen

**DISSENTING:**

GREEAR, JUDGE:

I respectfully dissent from the majority's affirmation of the family court's decision awarding Wife permanent spousal support in the amount of $600 per month, as such an award is inequitable, clearly wrong, and an abuse of the family court's discretion given the particular facts and circumstances present in the underlying case. I begin by recognizing that the Supreme Court of Appeals of West Virginia ("SCAWV") in *Rexroad v. Rexroad*, 186 W. Va. 696, 414 S.E.2d 457 (1992), held that in determining "the amount of alimony . . . that may be obtained, consideration may be given not only to regular wages earned, but also to the amount of overtime pay ordinarily obtained." Thus, per *Rexroad*, the family court's consideration of Husband's overtime wages was not outside of the scope of twenty factors set forth in West Virginia Code § 48-6-301(b) (2018). However, the consideration of such evidence led to an award of spousal support to Wife that is beyond the "parameters of reasonabless." *See Mulugeta v. Misailidis*, 239 W. Va. 404, 410, 801 S.E.2d. 282, 288 (2017).

The record herein reflects that Husband and Wife were married for nearly twenty-nine years and that, while their children were young, Wife was a stay-at-home mother and performed homemaker services, while Husband worked full time. However, it is undisputed that Wife has been employed outside the home, and maintained employment, since 1988, a period of more than twenty-five years. In fact, Wife currently earns a base rate of pay more than $1 per hour higher than Husband. While both Husband and Wife have experienced health issues, the family court made a specific determination that Wife's medical issues do not prevent her from being gainfully employed or prevent from performing her current job responsibilities.

In determining the "excess spendable net income above expenses" for the parties, the family court found that Husband had a monthly excess of $788, taking into account his general practice of working not just forty hours per week, but an additional sixteen hours of overtime per week. Thus, in order to maintain his "excess spendable net income above expenses" at this level, husband, who is a career military combat veteran with more than a 70% disability rating, will have to continue to work for the remainder of his life more than fifty-five hours per week to satisfy this permanent spousal support award; while Wife, who is not prevented from working or performing her job duties because of medical issues, is permitted to choose to work only thirty-six hours per week, despite recognizing that overtime hours could possibly also be available for her to work as well. Such an occurrence is wholly inequitable, clearly wrong, and an abuse of the family court's discretion.

Instead of viewing the station of the parties through an equal lens given their equal physical and intellectual abilities, the family court based its determination of an award of permanent spousal support to Wife on the fact that Wife does not continue to enjoy the

5

same standard of living established during the parties' marriage and cannot meet her "inflated" (a characterization made by the family court) expenses. As established by the record, I suggest that Wife may not be able to meet her expenses because she has made a conscious decision to work less than forty hours per week. Wife's independent decision to limit her employment and earning potential should not be a factor to award her a higher amount of permanent spousal support, when her disabled former Husband is working not only a full-time job, but works more than fifteen hours of overtime per week. Accordingly, I dissent.